UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ALIAH LARRY,** individually and on behalf of all others similarly situated,<br><br>v.<br><br>**KELLY SERVICES, INC.** | Docket No. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

1. Aliah Larry (Larry or Plaintiff) brings this lawsuit to recover unpaid overtime wages and other damages from Kelly, LLC under the Fair Labor Standards Act ("FLSA").

2. Plaintiff Larry worked for Kelly Services, Inc. (Kelly) as a Recruiter during the relevant time period.

3. Plaintiff and the other workers like her regularly worked for Kelly in excess of forty (40) hours each week.

4. But these workers never received overtime for hours worked in excess of forty (40) hours in a single workweek.

5. Instead of paying overtime as required by the FLSA, Kelly improperly classified Plaintiff and those similarly situated workers as exempt employees and paid them a salary with no overtime compensation.

6. This collective action seeks to recover the unpaid overtime wages

and other damages owed to these workers.

## I. JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

9. Larry worked for Kelly in DeKalb County, Georgia

10. Larry resides in Atlanta, Georgia.

11. Kelly conducts substantial business operations in this District and Division, including maintaining an office in in this District and Division located at 6600 Peachtree Dunwoody Rd, 600 Embassy Row NE #110, Atlanta, GA 30328.

## II. THE PARTIES

12. Larry worked for Kelly as a Recruiter from approximately October 2013 through June 2019.

13. Larry worked for Kelly in Atlanta, Georgia and Lithia Springs, Georgia.

14. Throughout her employment with Kelly, Larry was classified as an exempt employee and paid a salary with no overtime compensation.

15. Larry's consent to be a party Plaintiff is attached as <u>Exhibit A</u>.

16. Throughout her employment with Kelly, Larry was classified as an exempt employee and paid a salary with no overtime compensation.

17. Plaintiff Larry brings this action on behalf of herself and all other similarly situated workers who were classified as recruiters and paid a salary with no overtime compensation. Kelly paid each of these workers a salary for each day worked on location and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA.

18. The class of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All current and former recruiters that worked for Kelly Services, Inc. who were paid a salary during the last three (3) years. ("Putative Class Members").**

19. **Kelly Services, Inc.,** is a Michigan corporation doing business throughout the United States, including in Georgia. Kelly may be served by serving its registered agent for service of process, **CT Corporation System at 289 S. Culber St., Lawrenceville, GA, 30046-4805**, or wherever it may be found.

### III.   COVERAGE UNDER THE FLSA

20. At all times hereinafter mentioned, Kelly has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21. At all times hereinafter mentioned, Kelly has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

22. At all times hereinafter mentioned, Kelly has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as computers, cell phones, and office supplies - that have been moved in or produced for commerce by any person and in that Kelly have had and have an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

23. At all times hereinafter mentioned, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

### IV.   FACTS

24. Kelly is an employment and staffing company operating throughout the United States and internationally, including in Georgia.

25. To provide services to its clients, Kelly employ recruiting personnel, including Recruiters.

26. Many of the individuals who worked for Kelly were paid a salary and misclassified as exempt employees, and these make up the proposed Putative Classes. While the exact job titles and job duties may differ, the Putative Class Members are and were subjected to the same or similar illegal pay practices for similar work. These so-called exempt employees were paid a salary for each day worked, regardless of the number of hours that they worked that day (or in that workweek) without any overtime pay for hours that they worked in excess of forty (40) hours in a workweek.

27. For example, Larry worked for Kelly as a Recruiter during the relevant time period (in Georgia). Throughout her employment with Kelly, she was classified as an exempt employee and paid a salary with no overtime compensation.

28. As a Recruiter, Larry regularly worked more than 40 hours each week without receiving overtime compensation. On average, Larry estimates she worked approximately 50 hours each week.

29. As a Recruiter, Larry (and all other recruiters) performed non-exempt job duties including calling potential employees for placement into companies that contracted with Kelly.

30. The job functions of Plaintiff and the Putative Class Members were primarily technical in nature, requiring little to no official training, much less a college education or other advanced degree.

31. Plaintiff and the Putative Class Members perform the same or similar job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities performed by each person.

32. Plaintiff and the Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice.

33. The work Plaintiff performed was an essential and integral part of Kelly's core business.

34. No advanced degree is required to become a recruiter. In fact, Kelly regularly hired Recruiters who only have a high-school diploma (or less).

35. Being a recruiter does not require specialized academic training as a standard prerequisite.

36. For example, Larry does not have any advanced degree.

37. Plaintiff and the Putative Class Members did not have any supervisory or management duties.

38. To the extent the recruiters make "decisions," such decisions do not require the exercise of independent discretion and judgment.

39. Instead, the Recruiters apply well-established techniques and procedures and use established standards to evaluate any issues.

40. Recruiters do not set the techniques and procedures utilized to perform their job duties and do not set quality standards.

41. Recruiters are not allowed to deviate from the techniques and procedures utilized to perform their job duties or from any quality standards.

42. With these job duties, the Recruiters are clearly non-exempt employees under the FLSA.

43. Kelly does not pay its Recruiters overtime for hours worked in excess of 40 in a single workweek.

44. Instead, Kelly pays these workers a base salary for days worked in the office.

45. Plaintiff and the Recruiters worked for Kelly in the past three years throughout the United States, including in Georgia.

46. As a result of Kelly's pay policies, Plaintiff and the Putative Class Members were denied the overtime pay required by federal law, because these workers are, for all purposes, employees performing non-exempt job duties.

47. Kelly keeps accurate records of the hours, or at least the days, its recruiters work.

48. Kelly also keeps accurate records of the amount of pay its recruiters receive.

49. Because Larry (and Kelly's other recruiters) was misclassified as exempt employees by Kelly, they should receive overtime for all hours that they worked in excess of 40 hours in each workweek.

## V. FLSA VIOLATIONS

50. As set forth herein, Kelly has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

51. Kelly knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Larry and the Putative Class Members overtime compensation. Kelly's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

52. Accordingly, Plaintiff and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

### VI. COLLECTIVE ACTION ALLEGATIONS

53. Plaintiff incorporates all previous paragraphs and alleges that the illegal pay practices Kelly imposed on Larry were likewise imposed on the Putative Class Members.

54. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

55. Numerous other individuals who worked with Plaintiff indicated they were improperly classified as exempt employees, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal wage laws.

56. Based on her experiences and tenure with Kelly, Larry is aware that Kelly's illegal practices were imposed on the Putative Class Members.

57. The Putative Class Members were all improperly classified as exempt employees and not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

58. Kelly's failure to pay wages and overtime compensation at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

59. The specific job titles or precise job locations of the Putative Class Members do not prevent collective treatment.

60. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and Kelly will reap the unjust benefits of violating the FLSA.

61. Furthermore, even if some of the Putative Class Members could afford individual litigation against Kelly, it would be unduly burdensome to the judicial system.

62. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

63. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

### VII. JURY DEMAND

64. Plaintiff demands a trial by jury.

### VIII. RELIEF SOUGHT

65. WHEREFORE, Plaintiff prays for judgment against Kelly as follows:

   a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. §

216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. For an Order pursuant to Section 16(b) of the FLSA finding Kelly liable for unpaid back wages due Plaintiff and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

c. For an Order appointing Plaintiff and her counsel as Class Counsel to represent the interests of the FLSA class;

d. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ James Radford*
   **James Radford**
   Georgia Bar No. 108007

   Radford & Keebaugh, LLC
   315 W. Ponce de Leon Ave.
   Suite 1080
   Decatur, Georgia 30030
   (678) 271-0302

james@decaturlegal.com

AND

**Michael A. Josephson\***
Texas Bar No. 24014780
mjosephson@mybackwages.com
**Andrew W. Dunlap\***
Texas Bar No. 24078444
adunlap@mybackwages.com
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

AND

**Richard J. (Rex) Burch\***
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com
*\*Pending pro hac vice motion*

**ATTORNEYS IN CHARGE FOR PLAINTIFF**